

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00208-CR

———————————————————

KHIRY DESHAWN TAYLOR, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 61,662-A

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Khiry Deshawn Taylor appeals his conviction and twenty-year sentence of confinement for second-degree-felony aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. §§ 12.33(a), 22.02(a)(2), (b). Taylor pleaded guilty without an agreement on punishment.[1] The trial court included a deadly-weapon finding in the judgment but waived the imposition of court costs.

On appeal, Taylor's counsel has filed a motion to withdraw and a brief in which he argues that the appeal is frivolous. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738,

---

[1]The trial court's certification of Taylor's right to appeal indicates that this "is not a plea-bargain case and [that Taylor] has the right of appeal to sentencing." But Taylor was originally charged with a first-degree felony, and the clerk's and reporter's records show that Taylor pleaded guilty to the lesser-included second-degree felony pursuant to an agreement with the State. Therefore, the State and Taylor entered into a charge bargain, to which Rule 25.2(a)(2) applies. *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.). Nevertheless, (1) because the trial judge told Taylor at the close of trial, "I will tell you that because of the nature of these circumstances today that you do have the right to appeal," and (2) because the trial court indicated in the appeal certification that Taylor could appeal "sentencing," we conclude that the trial judge impliedly gave Taylor permission to appeal punishment matters. *See, e.g.*, *Benavides v. State*, Nos. 02-21-00168-CR, 02-21-00169-CR, 2022 WL 15053332, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, no pet.) (per curiam) (mem. op., not designated for publication). *But cf. Marsh v. State*, Nos. 02-21-00150-CR, 02-21-00151-CR, 2023 WL 2178406, at *4–5 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op., not designated for publication) (concluding from different facts that trial judge's handwritten notations on appeal certification did not indicate permission to appeal).

744, 87 S. Ct. 1396, 1400 (1967). Additionally, in compliance with *Kelly v. State*, counsel provided Taylor with copies of his brief and motion to withdraw, and he informed Taylor of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Taylor filed a pro se response, but the State declined to file a brief and instead filed a letter in which it agreed with appointed counsel that the appeal is frivolous.[2]

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record, counsel's brief, and Taylor's pro se responses, we agree with counsel that this appeal is wholly without merit; we have found nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[2]Taylor also filed a pro se response to the State's letter, in which he raised one of the same complaints he raised in his initial response: ineffective assistance of counsel.

3

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 11, 2023

4